IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TABITHA YELVERTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: |
| | ) | |
| v. | ) | 2:26-cv-00130 |
| | ) | |
| WAYNE FARMS, LLC, | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**COMPLAINT**

I.   **INTRODUCTION**

1. This is an action for legal and equitable relief to redress violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et seq., brought by Plaintiff Tabitha Yelverton. This action also alleges sex discrimination and harassment against Tabitha Yelverton. The suit is also brought pursuant to Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, (hereinafter "Title VII"); and 42 U.S.C. §1981 (hereinafter "§1981"), which provide for relief against discrimination and retaliation in employment. Plaintiff seeks injunctive relief, equitable relief, reinstatement, lost wages and benefits, compensatory damages, liquidated damages, and punitive damages.

## II.   JURISDICTION & VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331,1343, 2201 and 38 U.S.C. §4323(b)(3).

3. The Plaintiff requests a jury trial on all issues pursuant to 42 U.S.C § 1981a.

## III.   PARTIES

4. Plaintiff, Tabitha Yelverton, is an African-American female resident of the State of Alabama and is over the age of 19 years. Yelverton was an employee of Defendant at all times relevant to this litigation.

5. Defendant, Wayne Farms, LLC, (hereinafter "Defendant"), is an employer doing business in this district. At all times relevant to this action, the Defendant is an employer within the meaning of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the FMLA. Venue is proper in this Court pursuant to 28 U.S.C. §1367 and 38 U.S.C. §4323(c)(2).

## IV.   ADMINISTRATIVE EXHAUSTION

6. The Plaintiff has satisfied all conditions precedent to the filing of this legal action as required by Title VII.

7. On or about February 4, 2025, Plaintiff filed an EEOC charge alleging discrimination based on her sex and retaliation.

8. Plaintiff subsequently received a Right-To-Sue Notice from the United States Equal Employment Opportunity Commission. The Right to Sue Notice was electronically mailed to Plaintiff and received on December 4, 2025.

## V. STATEMENT OF FACTS AND CLAIMS

9. Plaintiff re-alleges and incorporates by reference paragraphs 1-8 above with the same force and effect as if fully set out in specific detail hereinbelow.

10. Plaintiff Tabitha Yelverton was hired by Defendant on August 28, 2023, as an assembly line worker to work at the Jack, Alabama location.

11. Plaintiff has been subjected to discrimination based on her sex, female, including being subjected to harassment, disparate treatment, and termination.

12. In and around July 2024, Plaintiff was subjected to sexual harassment by Superintendent Chris Fason.

13. Plaintiff was subjected to touching and exposure to photo of male genitalia.

14. Plaintiff objected to the harassment; however, it continued.

15. The conduct by Fason was unwelcomed and offensive.

16. Plaintiff complained to Erica Wilson, the DSI supervisor, but no corrective action was taken and the conduct continued.

17. When Plaintiff complained, Wilson told her that Fason had done this before.

18. Upon information and belief Fason also engaged in sexually inappropriate propositions, behavior, and comments toward other female employees.

19. After Plaintiff complained, Fason would walk by her while she was working and intentionally touch her arm and hand and would stare at her, making her uncomfortable.

20. On September 6, 2024, Plaintiff went on a medical leave of absence.

21. On September 16, 2024, Plaintiff was terminated while on leave.

22. Plaintiff's termination was in retaliation for her complaint of sexual harassment and in violation of the FMLA.

23. Plaintiff has been subjected to discrimination, harassment and retaliation.

24. Plaintiff was subjected to harassment based on sex.

25. The harassment which Plaintiff was subjected included, but was not limited to, sexual harassing comments, sexual harassing behavior and propositions, and sexually inappropriate touching.

26. The harassment which Plaintiff was subjected was unwelcomed, based on sex, and was severe or pervasive so that it effected the terms and conditions of her employment.

27. Plaintiff objected to the sexual harassment; however, prompt and effective remedial action was not taken.

28. Because of the complaints and the open and obvious nature of the harassing behavior, Defendant had actual and constructive knowledge of the harassment but failed to take prompt and effective remedial action.

29. Plaintiff was retaliated against for engaging in protected activity in violation of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

30. Plaintiff was incorrectly counted for absenteeism points, while she should have been able to use FMLA, which she was qualified.

31. Defendant's supervisor Erica Wilson knew that Plaintiff's absences were covered by FMLA as Plaintiff's daughter had been in contact with supervisor Erica Wilson to let her know she had been hospitalized.

32. According to the information submitted by Defendant in response to Plaintiff's EEOC charge, Erica Wilson's statement indicates she communicated the Plaintiff's condition and information received from Plaintiff's daughter to Human Resources.

33. Despite this information, Defendant unlawfully terminated Plaintiff's employment.

34. Employees who have not complained of sexual harassment have not been treated in this manner.

35. Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

36. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## COUNT ONE: CLAIMS OF FAMILY MEDICAL LEAVE ACT – INTERFERENCE

37. Plaintiff realleges and incorporates by reference paragraphs 1-36 above with the same force and effect as if fully set out in specific detail herein below.

38. Plaintiff had a serious health condition pursuant to 29 U.S.C. 2612 and 29 C.F.R. 825.113.

39. Defendant is an employer in accordance with 29 U.S.C. 2611 and 29 C.F.R. 825.104. As a result, Defendant is subject to compliance with the FMLA.

40. Plaintiff was an eligible employee under 29 C.F.R. 825.110 entitled to take leave for her serious health condition.

41. Plaintiff provided Defendant with information sufficient to give Defendant knowledge that Plaintiff may be eligible to use intermittent FMLA leave for her serious health condition. 29 C.F.R. 825.300; 825.301.

42. Plaintiff was entitled to benefits under the FMLA, but was effectively denied FMLA benefits in violation of the 29 C.F.R. 825.220.

43. Defendant unlawfully interfered with Plaintiff's rights to benefits under the FMLA by, inter alia, failing or refusing to allow Plaintiff to use FMLA leave on an intermittent basis and by failing or refusing to designate certain absences or tardies as covered by the FMLA. 29 U.S.C. 2615; 29 C.F.R. 825.100(a); 29 C.F.R. 825.202.

44. Further, Defendant unlawfully interfered with Plaintiff's use of FMLA leave by disciplining her for absences that should have been covered by the FMLA and by terminating her employment. 29 C.F.R. 825.220.

45. Defendant's actions were willful and unreasonable.

46. As a result of Defendant's actions and inactions, Plaintiff has suffered harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering.

## COUNT TWO: CLAIMS OF FAMILY MEDICAL LEAVE ACT VIOLATION - RETALIATION

47. Plaintiff realleges and incorporates by reference paragraphs 1-46 above with the same force and effect as if fully set out in specific detail herein below.

48. Plaintiff had a serious health condition pursuant to 29 U.S.C. 2612 and 29 C.F.R. 825.113.

49. Defendant is an employer in accordance with 29 U.S.C. 2611 and 29 C.F.R. 825.104.

50. Plaintiff is an eligible employee under 29 C.F.R. 825.110 entitled to take leave for her serious health condition.

51. Plaintiff was entitled to benefits under the FMLA, but those rights have been interfered with by Defendant in violation of the 29 C.F.R. 825.220.

52. Defendant unlawfully retaliated against Plaintiff by terminating her employment while she was hospitalized. 29 C.F.R. 825.220.

53. Plaintiff was incorrectly counted for absenteeism points while hospitalized, which she should not have been charged for.

54. This is prohibited conduct under the FMLA, in violation of the 29 C.F.R. 825.220.

55. Due to the incorrect termination, Plaintiff was unable to take FMLA, which she was entitled.

56. Defendant's actions were willful and unreasonable.

57. As a result of Defendant's actions and inactions, Plaintiff has suffered harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, mental anguish and suffering.

### COUNT THREE: CLAIMS OF SEXUAL HARASSMENT PURSUANT TO TITLE VII

58. Plaintiff re-alleges and re-pleads the above and incorporates by reference paragraphs 1 through 57 above with the same force and effect as if fully set out in specific detail herein below.

59. Plaintiff was subjected to sexual harassment and a sexually hostile work environment.

60. The harassment and which Plaintiff was subjected and aware included, but was not limited to, sexual harassing comments, sexual harassing behavior and propositions, and sexually inappropriate touching, as set forth above.

61. The harassment which Plaintiff was subjected to was unwelcomed, based on sex, and was severe or pervasive so that it effected the terms and conditions of her employment.

62. Plaintiff objected to and reported the sexual harassment; however, prompt and effective remedial action was not taken.

63. Because of the complaints and the open and obvious nature of the harassing behavior, Defendant had actual and constructive knowledge of the harassment but failed to take prompt and effective remedial action.

64. Plaintiff has suffered emotional distress, embarrassment and humiliation as a result of the harassment and Defendant's conduct.

65. Defendant's actions were willful, with malice and with reckless disregard for Plaintiffs' rights.

## COUNT FOUR: CLAIMS OF RETALIATION PURSUANT TO TITLE VII

66. Plaintiff re-alleges and incorporates by reference paragraphs 1-65, above with the same force and effect as if fully set out in specific detail hereinbelow.

67. Plaintiff engaged in protected activity.

68. Plaintiff complained to her supervisor about the sexual harassment which she and others were subjected.

69. As a result of her protected activity and complaints, Plaintiff was terminated.

70. Defendant's actions are casually related to Plaintiff's protected activity.

71. Defendant does not have a non-retaliatory reason for its actions.

72. Defendant's conduct was pretext for retaliation.

73. Plaintiff was treated differently than similarly situated individuals who did not complain of harassment.

74. Because of such conduct, the Plaintiff has suffered severe emotional distress, embarrassment and humiliation.

75. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

## V.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et. seq. and Title VII of the Civil Rights Act of 1964 and the FMLA.

2. Grant the Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and on Defendant's behalf from continuing to violate and the FMLA and Title VII of the Civil Rights Act of 1964.

3. Issue an injunction ordering Defendant not to engage in discrimination and harassment and acts which violate Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601 et. seq. and Title VII of the Civil Rights Act of 1964.

4.	Grant the Plaintiff an order requiring Defendant to make Plaintiff whole by reinstating her to the position she was in at the time of her unlawful termination, backpay (plus interest), front pay, compensatory damages, liquidated damages, punitive damages, and/or nominal damages.

5.	Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

>	Respectfully submitted,
>
>	*/s/ Rocco Calamusa, Jr.*
>	Rocco Calamusa, Jr.
>	WIGGINS, CHILDS, PANTAZIS,
>	    FISHER & GOLDFARB, L.L.C.
>	The Kress Building
>	301 19th Street North
>	Birmingham, Alabama 35203
>	Telephone: (205) 314-0500
>	rcalamusa@wigginschilds.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

>	*/s/ Rocco Calamusa, Jr.*
>	OF COUNSEL

**Defendant's Address:**
Wayne Farms, LLC
c/o C.T. Corporation System, Reg. Agent
2 North Jackson St., Ste. 605
Montgomery, AL 36104

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL
